[Civ. No. 2808. First Appellate District, Division Two.—July 14, 1919.]

LAURENO MARTINELLI, a Minor, etc., Respondent, v. VINCENT BOND, Defendant; P. C. NOONAN, Appellant.

[1] NEGLIGENCE — CONFLICTING EVIDENCE — VERDICT—APPEAL.—Where the evidence offered by plaintiff in an action for damages for personal injuries received in a collision between a motorcycle which he was riding and an automobile driven by the defendant, taken in connection with the provisions of the Motor Vehicle Act, is sufficient to support the finding of the jury of negligence on the part of the driver of the automobile, the verdict and judgment cannot be disturbed upon a mere conflict in the evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in *Martinelli* v. *Bond, ante,* p. 209, and in the opinion of the court.

Edward J. Lynch for Appellant.

Hoefler, Cook & Snyder for Respondent.

HAVEN, J.—This is an appeal by the defendant Noonan from a judgment against him and his codefendant Bond, entered upon the verdict of the jury in an action for damages for personal injuries. The appeal of the defendant Bond is considered in action No. 2799, *ante,* p. 209, [183 Pac. 461], and the judgment as to that appellant is reversed in an opinion this day filed. This appeal is submitted upon the same record and briefs as the appeal of Bond. The facts concerning the accident which caused the injuries to plaintiff are partially stated in the opinion on the other appeal. The appellant Noonan was the driver of the automobile at the time of the collision which caused the injuries. The question of his liability depends upon whether the accident was caused by his negligence or by the negligence of plaintiff. The testimony was conflicting as between plaintiff's and defendants' witnesses, which conflict the jury resolved in favor of the plaintiff. Its verdict cannot be disturbed if it finds support in the evidence. The collision which caused the injuries occurred at or near the junction of San Jose Avenue and Mission Street, in the city of San Francisco. At the point where these two thoroughfares intersect at an acute angle is located a monument, known as the Daly Monument. Shortly to the east of this monument, and near the small end of the triangle caused by the intersection of the two streets, stood a small building used as a real estate office. Between this building and the monument was a space of from twelve to fourteen feet in width. Upon the evening of the accident appellant started easterly on San Jose Avenue, but, finding the road rough, turned his machine and returned to the vicinity of the intersection of that street with Mission Street, preparatory to turning down Mission Street and proceeding easterly thereon. The plaintiff, his companion upon his motorcycle, and another witness to the accident all testified that, instead of returning to the corner of the two streets and making the turn there, the appellant drove his machine across the passageway upon private property between the monument and the real estate office and came into Mission Street from that unused and private shortcut rather than from the intersection of the two streets. There is also testimony to the effect that the automobile "dashed out from this small street," and that no horn was blown when it did so. [1] This testimony, in

connection with the provisions of the Motor Vehicle Act to
the effect that the driver of a motor vehicle, in turning to
the left at an intersection with another street, "shall run
beyond the center of such intersection, passing to the right
thereof, before turning such vehicle toward the left" (Stats.
1915, p. 407, sec. 20 [g]), is sufficient to support the finding
of the jury of negligence on the part of the driver of the
automobile. The witnesses for the defendants all contra-
dicted the statements made on the part of the plaintiff above
referred to, but the verdict and judgment cannot be dis-
turbed upon a mere conflict in the evidence.

The judgment against the appellant Noonan is affirmed.

Langdon, P. J., and Brittain, J., concurred.