## FOLEY v. BROWN.

No. 10503—Opinion Filed Jan. 24, 1922.

(Syllabus.)

### 1. Vendor and Purchaser — Bona Fide Purchaser—Possession as Notice.

The possession of real property carries with it the presumption of ownership, and it is the duty of one purchasing such property from others than those in possession to ascertain the extent of the claims of those in possession; and the open, actual possession of such property gives notice to the world of just such interest as the possessor actually has therein.

### 2. Champerty and Maintenance—Deed by Party Out of Possession.

By reason of section 2260, Rev. Laws 1910, a deed conveying real estate, executed by a grantor at a time when he was not in possession of the conveyed premises, or he or those by whom he claims had not been in possession, nor taking the rents and profits for a period of one year before such conveyance, is void as between the grantee and a person who was, at the time of the conveyance, in adverse possession of the conveyed premises.

### 3. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.

In equitable actions the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence.

### 4. Same—Quieting Title.

Record examined, and held, that the judgment of the trial court is not against the clear weight of the evidence.

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by Henry W. Brown against C. E. Foley and another to quiet title. Judgment

for plaintiff, and defendant C. E. Foley brings error. Affirmed.

C. H. Tully, for plaintiff in error.

E. J. Van Court, for defendant in error.

NICHOLSON, J. This action was instituted in the district court of McIntosh county by the defendant in error, as plaintiff, against the plaintiff in error, as defendant, to quiet the title to certain land in said county. The plaintiff alleged in his petition that he was the owner of said land and in possession thereof. The defendant filed an answer and cross-petition in which he denied the allegations of said petition and pleaded title in himself. The reply, after denying generally the averments in the answer, pleaded that the deed under which the defendant claimed was champertous and void. Judgment was rendered for the plaintiff quieting the title in him, to reverse which the defendant has prosecuted this proceeding in error.

The only assignment of error relied upon by the plaintiff in error for reversal is as follows:

"That the judge of the district court of McIntosh county, Oklahoma, erred in rendering a verdict for Henry W. Brown, plaintiff, now defendant in error; in that he adjudged and decreed that said Henry W. Brown was and by right justly entitled to the real estate now in controversy, as C. E. Foley, plaintiff in error, made a bona fide purchase of said real estate August 11th, 1917."

We will treat this assignment as properly presenting for review the action of the trial court in overruling the motion of the plaintiff in error for a new trial, which motion will be considered as assigning as ground for a new trial that the judgment is not sustained by sufficient evidence and is contrary to law.

The record discloses that on the 6th day of December, 1910, the land involved was deeded to the defendant in error by one Harlan Read, to whom the land had been conveyed by one W. Thornburg, who claimed under a warranty deed from Della Bruner, nee Brown, the allottee, and that the defendant in error immediately went into possession of said land and has continued in the possession thereof since said time. It further appears that on the 24th day of June, 1913, in an action pending in the district court of Hughes county wherein Della Grayson was plaintiff and I. O. Stuart and others were defendants, judgment was rendered in favor of said Stuart and against the plaintiff and all other defendants in said action, quieting the title to the land involved in said Stuart, but requiring him to pay into court within 30 days from said date the sums of $1,175 and $900, which the court found was owing the plaintiff in said action. However, it does not appear that the defendant in error was a party to that suit, and judgment was not rendered against him. On August 11, 1915, an execution was issued on said judgment directing the sheriff to remove from said premises one Henry W. Brown, the defendant in error, and place I. O. Stuart in possession thereof. Brown acknowledged service of said writ on September 17, 1915, and by indorsement thereon recited that he acknowledged Stuart as the owner of said premises and entitled to the rents and profits therefrom, and that he delivered possession to him, but it appears from the evidence that Brown did not in fact surrender possession of said land to Stuart, and never at any time attorned to him, but remained in possession of said land claiming title thereto. On March 24, 1917, Della Grayson, nee Brown, executed to Stuart a quitclaim deed to said land, and on April 7, 1917, executed to the defendant in error a quitclaim deed conveying said land to him; on September 22, 1917, the district court of Hughes county made an order vacating its judgment in so far as said judgment affected the right, title, interest, or possession of the defendant in error. On August 11, 1917, I. O. Stuart and wife conveyed said land by warranty deed to the plaintiff in error.

Counsel for plaintiff in error states his contention in the following paragraph of his brief:

"It is our contention that property rights to real estate are governed by abstracts of title, and if the abstract is brought down to the time of purchase and the claim of title that vested rights rests in an individual or individuals, that if said title is proven as the abstract shows, then title rests in the purchaser."

We cannot agree with this contention. An abstract of title is merely a memorandum or a concise statement of the conveyances and incumbrances appearing of record and affecting the title to real property, and its object is to enable the purchaser or his counsel to pass readily upon the validity of the title in question as shown by the records; but, regardless of what is shown by an abstract or the public records, a purchaser of real estate is charged with notice of the rights of persons in actual possession thereof. Brown v. Trent, 36 Okla. 239, 128 Pac. 895. The possession of real estate carries with it the presumption of ownership, and it is the duty of a person purchas-

ing such property from one not in possession to ascertain the extent of the claims of those in possession, as the open, actual possession of such property gives notice to the world of just such interest as the possessor has therein. Adams v. White, 40 Okla. 535, 139 Pac. 514; Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366; Wolverine Oil Co. v. Parks, 79 Okla. 318, 193 Pac. 624. So, if Brown was in actual possession of the land in question at the time of the execution and delivery of the deed to Foley by Stuart, Foley was charged with notice of the rights of Brown therein. Furthermore, it conclusively appears that before Foley purchased the land the attorney for Brown, learning that Foley was negotiating with Stuart for the purchase thereof, went to Foley and told him that Brown claimed to be the owner of said land, that the same was involved in litigation, explained the case to him in detail, and stated that it would be necessary for Brown to institute the present suit; but, notwithstanding this information, Foley took the deed from Stuart, and this, in face of the fact that Brown was in possession under an unbroken chain of title from the allottee, the only flaw being the judgment of the district court of Hughes county, to which it does not appear that he was a party.

It is contended by the defendant in error that the deed from I. O. Stuart and wife to C. E. Foley, under which the plaintiff in error claimed, is void as to the defendant in error for champerty. The record shows that the defendant in error has been in possession of said land claiming to be the owner thereof since 1910; that Stuart never obtained any character of possession until March, 1917, and then attempted to take forcible possession through a tenant. This amounted to nothing more than a scrambling possession. He has never taken the rents and profits, and the defendant in error remained in possession. The court found generally for the defendant in error, and this carries with it the finding that the deed from Stuart to Foley was taken in violation of section 2260, Rev. Laws 1910, and was void as to the defendant in error. Goodwin v. Mullen et al., 48 Okla. 699, 150 Pac. 680; Miller v. Fryer, 35 Okla. 145, 128 Pac. 713; Ruby v. Nunn, 37 Okla. 389, 132 Pac. 128; Martin v. Cox, 31 Okla. 543, 122 Pac. 511.

We have examined the entire record, and find that the judgment of the trial court is not clearly against the weight of the evidence; therefore said judgment will not be disturbed.

The judgment of the trial court is affirmed.

PITCHFORD, V. C. J., and KANE, JOHNSON, McNEILL, ELTING, and KENNAMER, JJ., concur.