## OKLAHOMA TOOL & SUPPLY CO. v. CITY OF BARTLESVILLE et al.

No. 12885—Opinion Filed Feb. 19, 1924.

### 1. Railroads — Municipal Corporations — Grant of Use of Streets.

Under section 118, art. 9, ch. 18, Wilson's Statutes 1903 (sec. 5511, Comp. Stat. 1921), municipal corporations have authority to grant railway companies the use of the streets of such corporation for railway purposes to be used in connection with the traveling public consistent with the rights of abutting property owners.

### 2. Same—Duration of Grant.

A municipal corporation having granted authority to a railway company to use a street for railway purposes in accordance with the above mentioned statute, and the grant having been accepted by the railway company, such grant is not revocable during the time covered by the grant and while the street is being used in accordance with the terms of the grant.

### 3. Same—Switch for "Public Purpose."

A municipal corporation is not authorized to grant the use of its streets to a railway for a private purpose only, but a switch which is connected with the main lines of a railway corporation and which is a part of its system of tracks and operated by it as such is used for a public purpose although most of the use made of the switch is in serving one industry located on or near the switch. The refusal of such industry to permit an extension of the switch across its private property so that other industries may be connected with the switch does not convert the switch into a private switch.

Error from District Court Washington County; J. R. Charlton, Judge.

Action by the Oklahoma Tool & Supply Company against the City of Bartlesville et al. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

Montgomery & Montgomery and McGuire & Marshall, for plaintiff in error.

A. C. Harrison and E. E. Heyl, City Atty., for defendants in error.

COCHRAN, J. This action was brought by the Oklahoma Tool & Supply Company against the city of Bartlesville to enjoin the city and its officers from removing a switch connecting the property of the Oklahoma Tool & Supply Company with the A., T. & S. F. Ry. Co. The petition alleged that this switch was constructed by the railroad company under authority of a resolution of the board of commissioners of the city of Bartlesville on March 20, 1913, which reads in part:

"* * * That said railroad company have and is hereby authorized to extend a spur or switch consisting of a standard guage railway track across Park avenue in this city at the place where said Park avenue intersects with Second street. This grant conditioned upon said railroad company grading, planking, paving, sidewalking and otherwise improving by order by the governing body of this city."

Acting under authority granted by this resolution, the railway company constructed a switch from its main line across Park avenue near the intersection of Second street, and extended the same to the property of the plaintiff, where it connected with a track constructed by the plaintiff across its property, and since the construction thereof this switch has been in continual use by the railway company. On December 4, 1921, a resolution was passed by the board of commissioners of the city of Bartlesville which is as follows:

"Be It Resolved by the Board of Commissioners of the city of Bartlesville, Okla.:

"That, Whereas, on November 20, 1913, the city of Bartlesville, by resolution, granted a permit to the Santa Fe Railroad Company to construct a railroad switch across Park avenue; and,

"Whereas, said railroad company did not construct said switch at said point, but at a point about 60 feet south of said intersection, and,

"Whereas, it has recently developed that said switch across said Park avenue is for the purpose of serving a single private concern; and,

"Whereas, it is the opinion of the city attorney that the city has no legal right to permit the use of its streets or alleys for a purely private purpose.

"Now, therefore, be it resolved, that said permit to the Santa Fe Railroad Company, to construct and maintain a switch across said Park avenue, be and the same is hereby revoked and withdrawn, and that the commissioner of highways and public improvements be, and he is hereby, directed to notify the Santa Fe Railroad Company to remove said tracks from said Park avenue within ten days or the city will proceed to remove the same.

"Passed and approved this 4th day of December, 1920."

It was alleged that, unless restrained, the city would proceed to remove or cause to be removed the switch in controversy. The answer of the defendant admitted the passage of the original resolution granting authority to construct the switch and the construction of the switch thereunder, and the passage of the resolution of December 4, 1920, and alleging, further, that the grant of authority to construct the switch was for the purpose of enabling the railroad to serve a district which had been set apart for industrial purposes, the title to which was at that time, or had been just prior thereto, in the city of Bartlesville, and which the city had intended to lease or sell to individuals or corporations for industrial purposes, and that a number of industries in said district had sought to have the switch extended beyond the property of the plaintiff, but that the plaintiff had refused to have the switch extended for the purpose of serving other industries, and that the plaintiff in refusing to permit the switch to be extended had converted the switch into a private switch, the sole use of which is to serve a single industry, and has thereby perverted the original use and purpose for which the switch was originally constructed, and that the acts of the plaintiff in that regard have made the switch, as it now exists, a public nuisance and a hindrance to the industrial progress of said district. It is conceded by the defendant that the municipality had authority under section 118, art. 9, ch. 18. Wilson's Statutes 1903 (section 5511, Comp. Stat. 1921), to grant the railroad the use of Park avenue for occupancy by a switch, provided such switch was for a public purpose. Numerous authorities are cited by the defendant to the effect that a grant of the use of a street for a purely private switch will not be sanctioned. There is no contention made that this switch was a private switch at the time it was constructed, but the contention is that it has been subsequently converted into a private switch by the acts of the plaintiff. The city owned this industrial district and desired the switch service to it to enable it to either lease or sell the property which it owned in this district, and granted the authority to construct the switch and sold the property which is now owned by the plaintiff and occupied by its plant. The switch was constructed to enable the railroad to serve any industry locating in the district and placing itself in position to take advantage of the switch. It appears that the plaintiff did this by constructing a track across its premises to connect with this switch which was constructed by the railroad company. That no other company has connected therewith does not change the character of the switch. The defendant's contention that the switch had been converted into a private switch is based on the fact that the plaintiff has declined to permit the extension of the switch across its private property so that other industries might be served. The plaintiff is within its constitutional rights in declining to permit the use of its property for the construction of a switch to serve the public generally or to serve other industries. In order to connect the switch with other industries, sufficient property for that purpose can be condemned in accordance with the law for taking private property for public purposes. The plaintiff is not compelled to donate its property for public purposes without compensation. Plaintiff purchased this property from the city of Bartlesville and now the city desires the plaintiff to donate the property so purchased for the purpose of serving other industries located by the city in this industrial district which it owned. The switch across Park avenue still exists for the service of the public, and the railroad company is under the supervision and control of the Corporation Commission, which has ample authority to require proper switching service by the company. It is true that under the existing conditions the plaintiff may be the only corporation served by the switch, but, by reason of the public character of the switch, it may be extended for public purposes and property condemned therefor. In Brown v. Chicago, G. W. Ry. Co., 137 Mo. 527, 38 S. W. 1099, the Supreme Court of Missouri said:

"That the legislative bodies of cities have no power to authorize the use of their public streets for purely private purposes is to well settled to require discussion. * * * But the evidence shows that the switch is a part of the system of tracks controlled and operated by defendant, itself a railroad corporation. These private persons occupying the property along the alley have no control or management of either the switch, the cars, or the business of transportation. The track was constructed by defendant, and the road is operated by it. Consignments of freight are taken over the switch, and delivered at their destination, or to connecting carriers. Likewise, freight is brought from distant points, and carried over this switch, and delivered to those requiring delivery thereon. It is true, most of the use made of the track is by those doing business on or near to the alley. The same may be said of all railroads. Their customers generally live near the road. The question is not who uses the switch, but who has the right to use it?"

In the instant case it appears from the pleadings that the switch across Park ave-

nue was constructed for a public purpose and is still being used for the purpose. The grant contained in the resolution of 1913 is not revocable during the continued use of the switch for public purposes. The judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.