**COMBS et al. v. LAIRMORE et al.**

No. 12660—Opinion Filed Feb. 26, 1924.

Rehearing Denied Feb. 3, 1925.

1. **Evidence — Opinion Evidence — Mental Capacity of Grantor.**

Where the mental competency of a grantor in a conveyance of real estate is the question at issue before the court, it is not error to exclude opinion evidence of an expert witness as to a lack of mental competency at a time remote from the time when the conveyance was made, since the important matter before the court, is the mental competency of the grantor, or lack thereof, at or about the time the conveyance was executed.

2. **Appeal and Error — Conclusiveness of Findings—Mental Capacity of Grantor.**

Where the question at issue before the court was the mental competency of a grantor to make a conveyance, and the finding and judgment of the court is that the grantor was mentally competent to make a conveyance, the finding and judgment will not be set aside on appeal, unless found to be clearly against the weight of the evidence.

3. **Evidence — Presumptions — Mental Capacity of Grantor.**

Where a petition for appointment of a guardian of a person because of alleged insanity was filed in April, 1918, and a hearing had thereon in the same month and the petition denied, such proceeding raises no presumption of lack of mental competency to transact business or make conveyances of real estate in September, 1918, although a guardianship may be created in January, 1919, based upon the same petition, by agreement of the parties.

4. **Deeds—Signature by Mark.**

Where, in a conveyance of real estate, the grantor has another not interested in the transaction to sign his name to the conveyance, and he adopts the same as his signature or appends his mark thereto, and adopts it as his signature, such signing is all that the law requires.

5. **Same—Sufficiency of Acknowledgment.**

Where a grantor signs a deed by mark, and the acknowledgment thereto is regular except the words "by his mark" are omitted, such acknowledgment is not so fatally defective as to destroy the validity of the deed.

6. **Deeds—Cancellation—Adequacy of Consideration.**

Where the cancellation of a conveyance of real estate is sought because of inadequacy of consideration, and the evidence upon the trial of the case reasonably tends to show the purchase price of the real estate was agreed upon and paid as agreed, and that the amount thereof was a fair price, such conveyance will not be canceled and set aside for inadequacy of consideration.

7. **Judgment Sustained.**

Record examined, and held, that the judgment of the trial court is not against the decided weight of the evidence; that the losing party was not denied any substantial right by the trial court: and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Action by W. A. Combs, B. A. Combs, J. H. Combs, B. H. Combs, T. C. Combs, and Hattie Feilden, against B. C. Lairmore and Lula M. Bailey, to cancel conveyance of real estate and to quiet title. Judgment for defendants. Plaintiffs appeal. Affirmed.

Neff & Neff and John T. Cooper, for plaintiffs in error.

Britton H. Tabor, for defendants in error.

Opinion by SHACKELFORD, C. The parties will be referred to as plaintiffs and defendants as they appeared in the court below.

The plaintiffs, W. A. Combs et al., commenced this action in the district court of McIntosh county for the purpose of canceling a certain deed, dated September 21, 1918, by which J. W. Combs conveyed the southwest quarter of sec. 18, twp. 12 N., rge. 18 E., in McIntosh county, to the defendant B. C. Lairmore. The plaintiffs are the sons and daughter of J. W. Combs, who died intestate on the 5th day of March, 1919, and left the plaintiffs as his heirs. They seek to cancel the deed for the reasons: (1) The grantor, J. W. Combs, was incompetent to make a deed at the time the deed was executed; (2) the deed was not executed in the manner provided by law; and (3) there was inadequacy of consideration. The defendant Lula M. Bailey was made a party by order of court, on her application. B. C. Lairmore and Lula M. Bailey filed separate answers to the following effect: A general denial of all the allegations of the petition; specific denial of the allegation of incompetency; and alleged that J. W. Combs and his wife sold and conveyed the land to B. C. Lairmore on the 21st of September, 1918, for a valuable consideration, to wit, the sum of $2,500, and the deed was filed for record on the 23rd of September, 1918; and on the 16th of December, 1918, defendant B. C. Lairmore sold and conveyed the land to the defendant Lula M. Bailey, who since the date of the conveyance has been the owner and in possession of the property. The defendant Lula M. Bailey, by way of cross-petition, alleged that T. C. Combs, one of the plaintiffs, had leased the land from cross-petitioner for the year 1919 at one-third crop rent; but that T. C. Combs, with the other plaintiffs, had entered into a conspiracy to cheat and defraud her out of the rent. She asked for a receiver to take charge of the lands, and collect the rents; and asked that she be decreed to be the owner of the land and her title thereto quieted. The plaintiffs filed reply to the answers and cross-petition. The court appointed a receiver to take charge of the land pending the litigation and to collect the rents.

The case was called for trial on the 14th of March, 1921, and tried to the court without a jury. At the close of the trial the court rendered judgment for the defendant Lula M. Bailey for the land, and quieted her title thereto against the plaintiffs, and directed a report to be made by the receiver. The plaintiffs prosecute appeal by case-made and the cause is regularly here for review.

The plaintiffs make seven assignments of error in their motion for a new trial and in their petition in error, all of which we will consider under four subheads, as follows:

(1) The exclusion of competent evidence.

(2) Holding of the court that J. W. Combs was competent to transact business at the time he executed the deed to B. C. Lairmore.

(3) Lack of proper form in the execution of the deed; and

(4) Inadequacy of consideration.

1. The plaintiffs complain that the court excluded competent evidence tending to prove the incompetency of the grantor in the deed. They offered the testimony of Dr. N. P. Lee to show that J. W. Combs was insane at the time of the execution of the deed. The doctor testified that he had treated J. W. Combs sometime in 1916 or 1917 for apoplexy; that Combs had three or four strokes. The first was sometime in 1916 and the last treatment was in 1917 or 1918. He was then asked if he regarded Combs as being competent to transact business at that time, referring evidently to the time of giving the treatment. The court sustained the objection. We think this was not error. The doctor could not or did not fix very accurately the date he gave the treatment. The deed was executed on the 21st of September, 1918. The doctor might have given treatment in 1918 and still not know much about the mental condition of Combs at the time he made the deed. We think the question before the court was as to Combs' mental condition about the time the deed was executed. No question was asked as to the doctor's opinion of Combs' mental condition in the latter part of 1918, nor was any showing made that the patient's condition was such as would have continued up to and including the 21st of September, 1918, the date when the deed was made. Taking it for granted that the doctor would have testified that Combs was mentally deranged at the time he treated him, it is difficult to see how it could have helped the trial court very much in arriving at a just conclusion as to whether Combs was mentally incompetent when the deed was made. The inference to be drawn from

the record before us is that Dr. Lee did not know what his patient's mental condition was in September, 1918, or at any time about the time when the deed was executed, since he was not asked about the mental condition of Combs in September, 1918, or about that time. We think that if it could be said that the court erred in sustaining the objection to the question it could not be such error as would, alone, justify a reversal of the judgment.

2. The plaintiffs complain that the conclusion of the court that J. W. Combs was mentally competent to transact business at the time the deed was executed, is against the weight of the evidence. We have carefully examined the evidence adduced upon the trial, and find ourselves unable to agree with such contention. The plaintiffs alleged mental incompetency upon the part of the grantor; and the burden rested upon them to establish by at least a fair preponderance of the evidence that at the time the deed was executed Combs was in some way so mentally deranged as not to be competent to transact his business affairs. This is a principle of law so well known that citation of authority would be superfluous and unnecessary. It could serve no good purpose here to set out the testimony or its substance, but it is sufficient to say that careful consideration of the evidence offered leads to the conclusion that the finding and judgment of the trial court that Combs was mentally capable of transacting business at the time he made the deed is not against the weight of the evidence, but is, rather, supported by the weight of the evidence.

It has been said by this court so often that it has become an established rule, that "in equitable actions the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence." Foley v. Brown, 85 Okla. 1, 204 Pac. 267; Croker v. Shurley et al., 86 Okla. 178, 207 Pac. 91; McClintick et al. v. Ellis et al., 87 Okla. 75, 209 Pac. 403.

It is contended by the plaintiffs that at the time the deed was made by J. W. Combs, there was an insanity proceeding pending against him in the county court of McIntosh county, and that afterwards a guardian was appointed for him, and that he was committed to an institution for insane persons and there died, and this proceeding should have been treated as controlling and should have the effect of rendering the deed void. An examination of the record discloses that on the 13th of April, 1918, W. A. Combs, one of the plaintiffs, and son of J. W. Combs, filed a petition in the county court of McIntosh county, charging that "J. W. Combs is insane and mentally incapable to take care of his business and manage his estate" and petitioned for the appointment of a guardian. On the 16th of April, 1918, notice of a hearing was issued by the county judge, and service thereof had upon J. W. Combs, fixing the date for the hearing upon the 23rd of April, 1918. It appears from the testimony taken in the trial of this cause that a hearing was had on the petition for a guardian of J. W. Combs, and the court denied the petition and declined to appoint a guardian, and there the matter rested. The deed was made on September 21, 1918. Several months afterwards, it appears that a guardian was appointed for J. W. Combs by agreement with him and members of his family, including the plaintiffs, or some of them. The fact that a petition for a guardian was filed and a hearing had thereon after which the court declined to appoint a guardian was not enough to establish lack of mental competency to transact business. The legal presumption was that Combs was sane. The filing of a petition and the action of the county court refusing to appoint a guardian did not have the effect of destroying that presumption, but rather lent strength to the presumption of sanity instead. It seems to be true that when a guardian was appointed the original petition filed in April, 1918, was treated as a basis for the order, but even though it was, more than ten months had elapsed between the time the petition was filed and the time when the guardian was appointed; and upon the first hearing the petition had been denied. It is contended by plaintiffs that when a guardian was appointed for J. W. Combs, which occurred on January 19, 1919, based upon a petition filed on April 13, 1918, charging insanity, that the order appointing the guardian would relate back to the time that the petition was filed and have the effect of voiding the deed made by Combs after the first order made denying the petition, and several months before the order was made granting the petition. No authority is cited supporting such contention and we have been unable to find any such authority. We have given careful attention to Griswold v. Miller, 15 Barb. (N. Y.) 520, cited by counsel, but are inclined to think it does not support the contention made. It was held in that case that:

"The established rule is that a lis pendens, duly prosecuted and not collusive, is

notice to a purchaser, so as to affect and bind his interest by the decree. * * * An inquisition of lunacy, so far as the property of the lunatic is concerned, is said to be a proceeding in rem. and hence the inquisition is received as evidence against one who is not a party to the suit."

In that case the lunacy proceeding was duly prosecuted to a judgment of lunacy. In this case the lunacy proceeding was duly prosecuted to a denial of the petition and that was the state of the record upon the lunacy inquiry at the time the deed was made.

In Avery v. Avery (Cal.) 183 Pac. 453, it was held:

"A judgment declaring one judicially insane and committing him establishes insanity only as of the date of the judgment, for there is a legal presumption of sanity in regard to every man, and proof of insanity at one time carries no presumption of its past existence."

We think the lunacy proceeding was not sufficient to void the deed made by J. W. Combs to B. C. Lairmore on September 21, 1918.

3. It is further contended that the deed should be canceled because not properly executed by the grantor. There is no allegation in the petition or proof offered on the trial that in any way suggests that the deed is a forgery or that there was fraud in the transaction. The deed appears to have been signed by Combs by mark. Plaintiffs contend that he could write his own name and therefore could not make a conveyance by mark. There is no proof in the record to show that he could write his name at the time the deed was executed. There is evidence in the record that at the time he executed the deed he requested J. G. Scofield, his attorney, to sign his name to the deed. It was done by his attorney, and the words "his X mark" were appended. We know of no reason nor of any authority which would negative the right of J. W. Combs to adopt his signature written by his attorney as his own. He could have done that even though he could write his own name If he adopted the signature as placed upon the deed as his own, that was all that was necessary, and all that the law requires. Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127; Probert v. Caswell, 90 Okla. 67, 215 Pac. 733; Hill v. Moore, 46 Okla. 613, 149 Pac. 211.

In Ford v. Ford, 27 App. D. C. 401, 6 L. R. A. (N. S.) 442, it was held:

"If the grantor could write and his name to the deed was written by another in his presence and at his instance or with his consent, it is his act; especially if he then acknowledges before a notary public that it is his deed."

Certainly appending the mark could not have the effect of invalidating the execution. If J. W. Combs adopted the signature as placed upon the deed as his own, that is all that the law requires.

The acknowledgment is attacked because it does not recite the words "by his mark." Under the provisions of section 5251, Comp. Stat. 1921, an acknowledgment is not necessary between the grantor and the grantee. The plaintiffs in this case are in no better position to complain than J. W. Combs would be were he living. If the deed would be good as between J. W. Combs and B. C. Lairmore, it follows that it would be good as between the plaintiffs and B. C. Lairmore. We think that if there is any defect in the execution of the deed including the acknowledgment thereof, it is no more than a mere irregularity and is wholly insufficient to justify the cancellation of the instrument.

4. The sale is attacked because of alleged inadequacy of consideration, but an examination of the record discloses that there was ample evidence before the trial court to justify the conclusion that J. W. Combs received the consideration agreed upon, and that the amount obtained was a fair price for the property.

We have carefully considered all the assignments of error in connection with the record here presented, and are of the opinion that the plaintiffs have been denied no substantial right. The judgment of the trial court denying the cancellation of the instrument is amply supported by the evidence.

We recommend that the judgment of the trial court be affirmed, with a direction to proceed with the report of the receiver.

By the Court: It is so ordered.