**COBB et al. v. WHITNEY, Trustee in Bankruptcy.**

No. 16129—Opinion Filed Nov. 23, 1926.

Rehearing Denied May 3. 1927.

1. **Appeal and Error—Scope of Review in Equity Case—Sufficiency of Evidence.**

In a case of purely equitable cognizance, the Supreme Court will examine the entire record, weigh the evidence and render, or cause to be rendered, such judgment as the trial court should have rendered but will not interfere with the judgment of the trial court, unless the same is clearly against the weight of the evidence.

2. **Equity—Jurisdiction—Scope of Relief.**

It is a fundamental rule that equity. having. once attached in a proper proceeding, will administer complete relief on all ques-

tions properly raised by the evidence, regardless of whether or not such questions or issues are specifically raised by the pleadings, as equity will not permit a mere form to conceal the real position and substantial rights of the parties. It always attempts to get at the substance of things and to ascertain, uphold, and enforce rights and duties which spring from the real relations of the parties. It will not suffer the mere appearance and external form to conceal the true purposes, objects, and consequences of a transaction.

3. **Appeal and Error—Review of Equity Case—Presumption that Trial Court Ignored Incompetent Evidence.**

In an equity cause, the court passes upon both the law and the facts, and where the evidence offered and its admission is objected to, the presumption is indulged that the court in its wisdom, in arriving at a final decision in this case, disregarded all incompetent, immaterial, and irrevelant testimony and determined the cause upon competent, relevant, and material testimony alone. unless the contrary is clearly apparent.

4. **Partnership—Partner as Trustee—Property Bought by One Partner with Partnership Funds.**

While a partner may, with the consent of the other partners. withdraw money from the partnership funds and invest them and acquire title to property in his own name and for his sole use and benefit, nevertheless, in the absence of such express agreement or understanding. property acquired by one partner, by the use of partnership funds, will be deemed to be the property of the partnership, and the holding partner will be deemed to be a trustee for the remaining partners.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Seminole County; Hal Johnson, Assigned Judge.

Action by E. W. Whitney, trustee in bankruptcy of the estate of T. S. Cobb, against James H. Cobb and Flossie Cobb. praying judgment that defendants have no right, title or estate in certain real property, but hold the legal title to the same in trust for T. S. Cobb. Judgment decreeing T. S. Cobb and James H. Cobb each own an undivided one-half interest in the property. Defendants appeal, and plaintiff files his cross-petition in error. Affirmed on appeal.

See. also, 124 Okla. 189, 255 Pac. 566.

C. Guy Cutlip and Thos. J. Horsley, for plaintiffs in error.

C. Dale Wolfe. for defendant in error.

Opinion by RUTH, C. E. W. Whitney will

be designated as plaintiff and James H. Cobb as defendant, as they appeared in the trial court.

The record discloses that T. S. Cobb and James H. Cobb are brothers and were engaged in the practice of law as partners. The funds of the partnership were deposited in the name of the older brother, T. S. Cobb, but were subject to check of either partner. T. S. Cobb was stricken with paralysis and he conveyed certain farm lands to his brother, James H. Cobb, to enable defendant to transfer the same and to take care of the interests of T. S. Cobb generally.

It is admitted by defendant that he held these farm lands in trust for T. S. Cobb, and conveyed them as directed by T. S. Cobb, and these lands do not now enter into this case.

T. S. Cobb was subsequently adjudged a bankrupt, and plaintiff was duly appointed as trustee in bankruptcy of the estate of T. S. Cobb, and plaintiff seeks to impress lots 13, 14, 15, 16, 17, 18, 31, 32, 33, 34, 35, and 36, in block 64, in the town of Wewoka, Seminole county, Okla., with a trust in favor of T. S. Cobb; the legal title being in James H. Cobb. It appears from the petition and the evidence that prior to T. S. Cobb being adjudged a bankrupt, the First National Bank of Ada had secured a judgment against T. S. Cobb foreclosing a mortgage on these lots, and the same were sold under foreclosure proceedings on August 26, 1916, and the bank became the purchaser, but before the sale was confirmed by the court, T. S. Cobb entered into an agreement with the bank, whereby T. S. Cobb paid the bank the purchase price of $1.015, with the understanding the sale should be confirmed in the name of James H. Cobb.

T. S. Cobb testifies that he does not know whether the money paid by him to the bank was taken from the partnership funds or not; his first impression being the money was derived from a certain case in which James H. Cobb had no interest. but he subsequently testified he thought he might be wrong about this, as since his stroke of paralysis his mind was not very clear, and the money was possibly withdrawn from the partnership funds.

Defendant James H. Cobb and his wife, Flossie Cobb. filed their separate answers denying T. S. Cobb had any interest in the lots. From a judgment decreeing T. S. Cobb and James H. Cobb had a one-half interest in the property, the defendant appeals and the plaintiff filed his cross-appeal.

Defendant presents but one assignment of error, as follows:

"That the judgment of the court is unsupported by the evidence."

Plaintiff presents his assignment of error under four heads, the first of which is as follows:

"The judgment of the court awarding one-half of said home to T. S. Cobb and one-half to James H. Cobb is not supported by sufficient evidence, and the same should be awarded to the plaintiff below."

In an equity case, the Supreme Court will examine the entire record, consider the evidence, and render or cause to be rendered such judgment as the trial court shou d have rendered but will not interfere with the judgment of the trial court unless the same is clearly against the weight of the evidence. Parks v. Sinai Oil & Gas Co., '83 Okla. 295, 201 Pac. 517; Clark v. Frazier, 101 Okla. 163, 222 Pac. 970; Kinch v. Pierson, 97 Okla. 109, 223 Pac. 144; Orth v. Gregory, 98 Okla. 229, 223 Pac. 385; Huston v. City of Miami, 98 Okla. 35, 224 Pac. 316.

An examination of the record discloses the fact that T. S. Cobb and James H. Cobb had been engaged in the practice of law as partners for about four years. T. S. Cobb had been engaged in the practice of law for a much longer period, and when the partnership was formed with the younger brother, James H. Cobb, all the partnership funds were deposited in the name of T. S. Cobb, subject, however, to the check of either partner. No book accounts were kept, and there had never been a settlement or accounting, each partner appearing to have implicit confidence in the other.

T. S. Cobb, for reasons best known to himself, but possibly on account of financial difficulties, would obtain cashiers' checks against the deposit and carry them about with him. He originally owned the lots involved in this action, and from 1911 until he had domestic troubles he lived in the home erected on the lots. When the bank foreclosed the mortgage and T. S. Cobb paid the bank $1,000 in cashier's check and $15 in cash and the sale was confirmed in the brother's name, James H. Cobb and his family took up their residence in the house and paid all taxes thereon, as far as they were paid, and has continued to occupy the house until the date of the trial. T. S. Cobb living with James H. until the physical condition of T. S. became such as he was compelled to take a room down town near his office. There was no conflict in the evidence with reference to where the money came from that was paid to the bank; T. S. testifying that it may have come from partnership funds and James H. testifying positively it did come from such fund, and we cannot say the judgment of the court was not sustained by the evidence.

"In an equitable action, the judgment of the trial court will not be set aside unless it is clearly against the weight of the evidence." Dike v. Martin, 85 Okla. 103, 204 Pac. 1106; Foley v. Brown, 85 Okla. 1. 204 Pac. 267; Crocker v. Shurley, 86 Okla. 178, 207 Pac. 91.

With reference to resulting trusts. section 8463, C. O. S. 1921 provides:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by, or for whom such payment is made."

Section 8110, C. O. S. 1921, is as follows:

"Property, whether real or personal, acquired with partnership funds is presumed to be partnership property."

True it is that a partner may, with the consent of the other partner or partners, withdraw partnership funds and invest them in his own individual account, and acquire property in his own name with such funds, but in the absence of an express agreement or understanding to this effect as to the property so acquired in the name of one partner, but with partnership funds, the partner in whose name the legal title rests will be deemed to hold the same in trust for the other members of the partnership.

Section 8111, C. O. S. 1921, provides:

"The relations of partners are confidential. They are trustees for each other as to partnership property."

The plaintiff's next assignment of error in his cross-petition is that the judgment rendered is not within the pleadings or issues joined by the pleadings, and he takes the position that as each partner was claiming to be sole owner to the exclusion of the other. the court was without power to divide the property between them.

The legal and equitable title was the issue involved in this action, and it is a fundamental rule that equity, having once attached in a proper proceeding, will administer complete relief, on all questions raised by the evidence, regardless of whether or not such questions or issues are definitely raised by the pleadings. provided they relate to the subject-matter of the action.

"Equity will not permit a mere form to

conceal the real position and substantial rights of parties. It always attempts to get at the substance of things, and to ascertain, uphold, and enforce rights and duties which spring from the real relations of the parties. It will never suffer the mere appearance and external form to conceal the true purposes, objects, and consequences of a transaction." Collier v. Bartlett, 71 Okla. 133, 175 Pac. 247; Inman v. Western Nat. Bank, 83 Okla. 126, 200 Pac. 714.

"Where a proceeding is of purely equitable cognizance, the court, having obtained jurisdiction of the controversy, will administer complete relief in order to avoid a multiplicity of suits." Chastain v. Smith, 77 Okla. 188. 187 Pac. 802; Tidal Oil Co. v. Roelfs, 77 Okla. 183, 187 Pac. 468; Success Realty Co. v. Trowbridge, 50 Okla. 402, 150 Pac. 898; Ball v. White, 50 Okla. 429, 150 Pac. 901; Cook v. Warner, 41 Okla. 781, 140 Pac. 424.

"A court of equity, having all the parties before it, will adjudicate upon all the rights connected with the subject-matter." DeRoberts v. Town of Cross, 23 Okla. 888, 101 Pac. 1114.

The subject-matter of this action being to determine the interest, if any, had in this property by T. S. Cobb and James H. Cobb, the court was empowered and had jurisdiction to determine their exact interests, and we find no error of the court in this behalf.

The next cross-assignments of error are leveled against the ruling of the court in admitting irrelevant testimony.

We have carefully considered all the evidence, and find no irrelevant or incompetent evidence admitted prejudicial to either litigant. There is nothing in the record to indicate the court was influenced by the evidence objected to or considered the same when arriving at his judgment. When a cause is tried to the court without the intervention of a jury, it must frequently hear the answer of the witness for the purpose of determining its relevancy and competency, and the presumption is indulged that the trained mind of the court can and will and does discard and expunge from its mind all irrelevant, immaterial, and incompetent testimony, and determine the cause upon competent, relevant testimony, unless the contrary clearly appears.

A careful review of the entire record fails to disclose any error of the trial court, and the judgment is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 726, §2647; p. 897, §2867; p. 900 §2869. (2) 21 C. J. p. 134, §117, 204, §§199, 200; p. 661, §845;

p. 685, §860. (3) 4 C. J. p. 776, §2726; p. 1000, §2982. (4) 30 Cyc. pp. 428, 429. See under (1, 3) 2 R. C. L p. 202, et seq. 1 Supp p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 10 R. C. L. p. 267. (4) 20 R. C. L. p. 859.