**SANTA FE, L. & E. R. CO. v. LAUNE et al.**

No. 4944—Opinion Filed Oct. 9, 1917.

Rehearing Denied Nov. 23, 1917.

(168 Pac. 1022.)

(Syllabus.)

**1. Railroads — Abandonment of Right of Way—Evidence.**

Evidence examined, and **held** sufficient to sustain the finding of the court that the railroad company had abandoned its right of way.

**2. Same—Reverter.**

An instrument which is in form a general warranty deed, conveying a strip of land to defendant company for a right of way for its railroad, under the facts in this case, did not vest an absolute title in the railroad company; but the interest conveyed is limited by the use for which the land is acquired, and, when that use is abandoned, the property will revert to the original owners.

Error from District Court, Woodward County; James W. Steen, Judge.

Action by S. B. Laune and another against the Santa Fe, Liberal & Englewood Railroad Company and another. Judgment for plaintiffs, and the Santa Fe, Liberal & Englewood Railroad Company brings error. Affirmed.

Keaton, Wells & Johnston, Charles R. Alexander, and Kellogg & Rose, for plaintiff in error.

Charles Swindall, C. W. Herod, and Chas. C. Huff, for defendants in error.

TURNER, J. On August 15, 1911, defendants in error, S. B. Laune and Seignoria R. Laune, in the district court of Woodward county, sued plaintiff in error, Santa Fe, Liberal & Englewood Railroad Company, and defendant in error United States Mortgage & Trust Company to cancel and set aside, upon the ground of fraud in its procurement, a certain warranty deed executed on January 7, 1907, by plaintiffs to said railroad company, conveying a right of way across certain lands belonging to plaintiffs, which right of way plaintiffs alleged had been abandoned by said railroad company. For answer, defendants filed a general denial, and alleged that if plaintiffs ever had any cause of action for relief on the ground of fraud, the same was barred by the statute of limitations (section 5550, Comp. Laws 1909).

Upon the issues thus joined the cause proceeded to trial to the court, who made the following findings:

"The court further finds that the right of way described in the petition of said plaintiffs upon which a grade was constructed, over the lands of the plaintiff by said defendant the Santa Fe, Liberal & Englewood Railroad Company, has been by the said defendant the Santa Fe, Liberal & Englewood Railroad Company abandoned, and that it no longer has any title, claim or right therein; and that the lands described in the said deed conveying said right of way to the said defendant railroad company, to wit [here follows description of right of way], under the evidence, conveyed an easement in said lands only to the said defendant railroad company; and the court further finds that the said lands are not now, nor never have been, used and occupied by the said defendant railroad company as a railroad or for railroad purposes; that the same is not necessary for the use thereof, and that all rights accruing to the said defendant railroad company, by virtue of said deed, have been forfeited by reason of the nonuser and abandonment thereof. It is further by the court adjudged and decreed that the title and possession of said plaintiff in the said premises be and the same is hereby forever settled and quieted in the plaintiffs as against all claims and demands by the said defendant the Santa Fe, Liberal & Englewood Railroad Company, the United States Mortgage & Trust Company, and those claiming or to claim under them, or any of them; that the deed from Sidney B. Laune and Seignoria R. Laune to the Santa Fe, Liberal & Engle-

wood Railroad Company, dated January 7, 1907, and recorded in Book 22 of Deeds at page 130 of the Deed Records of Woodward County and State of Oklahoma, be and the same is hereby canceled and removed as a cloud upon the title of said plaintiffs, Sidney B. Laune and Seignoria R. Laune, in and to the said described premises"
—and rendered judgment canceling said deed, and perpetually enjoining defendants from interfering with plaintiffs' title to said premises.

The evidence in this case with reference to abandonment of the right of way by said railroad company is identical with the evidence introduced in Canadian River Railroad Co. v. Wichita Falls & Northwestern Ry. Co. et al., 64 Okla. 62, 166 Pac. 163, No. 4941. There we held that the question of abandonment of the right of way of the Canadian River Railroad Company, which had been acquired through condemnation proceedings, was a question of fact to be determined by the jury from all the evidence introduced, and affirmed the judgment of the trial court so holding. But here, plaintiffs, by their warranty deed dated January 7, 1907, conveyed a fee-simple title to the right of way across their premises to said defendant railroad company, which had graded its right of way across said premises, but had permitted the same to grow up in weeds; had not laid any track thereon, or paid any taxes on the right of way up to the time of this suit.

Plaintiffs introduced evidence tending to show that certain agents and representatives of defendant company had represented and agreed, before the execution of the deed, to construct a railway from a point in New Mexico to Woodward, Okla., and would construct a certain station and side tracks upon land adjoining the lands of plaintiffs, thus making a shipping point within about 200 yards of plaintiffs' premises. This evidence was introduced to sustain the allegations in their petition that they were induced, through fraud of defendant's agents and representatives, upon the promise to build said station and side tracks, to convey this right of way. It seems that these representations were admissible in evidence as reasonably tending to prove fraud. Cooper v. Ft. Smith & W. Ry. Co., 23 Okla. 139, 99 Pac. 785. But let that be as it may, as the court made no finding with reference to fraud on the part of the defendant, and does not seem to have been influenced in any way by the admission of the evidence, having canceled the deed upon the ground that the rights thereby acquired had been abandoned, the error, if any, was harmless.

We hold here, as we held in the Canadian River Railway Case, supra, that the evidence introduced was sufficient to show an abandonment of the right of way acquired by defendant for its line of road. The deed conveying the right of way shows plainly that it was the purpose thereof to convey a right of way through the lands in controversy, and the land conveyed was limited to the use for which it was conveyed, to wit, for right of way purposes; and when the right of way was abandoned by defendant, as we here hold, the land reverted to the original owners thereof. In Abercombie v. Simmons, 71 Kan. 538, 81 Pac. 208, 1 L. R. A. (N. S.) 806, 114 Am. St. Rep. 509, 6 Ann. Cas. 239, Simmons had conveyed by warranty deed a strip of land 100 feet wide through certain lands belonging to him to the Chicago, Kansas & Western Railway Company for right of way purposes. Subsequently said railway company sold this land to Abercrombie. In a suit by Abercrombie against Simmons to recover possession of the land conveyed to him by the railway company, the lower court decided against Abercrombie, and he appealed. In affirming the judgment, the court said:

"Now, as we have seen, the deed and those things to which we may look in its interpretation plainly show that the strip was sold on the one part and purchased on the other, as and for a right of way for a railroad. This use, being within the contemplation of the parties, is to be considered as an element in the contract, and limits the interest which the railroad acquired. It took the strip for a specific purpose, and could hold so long as it was devoted to that purpose. Whether the right of way purchased should be designated as an easement or as a qualified or determinable fee may not be very important. A right of way, although commonly designated as an easement, is an interest in land of a special and exclusive nature, and of a high character. In speaking of its character, the Supreme Court of the United States said: 'A railroad right of way is a very substantial thing. It is more than a mere right of passage. It is more than an easement. We discussed its character in New Mexico v. United States Trust Co., 172 U. S. 171, 19 Sup. Ct. 128, 43 L. Ed. 407. We there said (page 183, 172 U. S., page 133, 19 Sup. Ct., 43 L. Ed. 407) that if a railroad's right of way was an easement it was "one having the attributes of the fee, perpetuity and exclusive use and possession; also the remedies of the fee, and, like it, corporeal, not incorporeal property"' (Western Union Telegraph Co. v. Penn. Railroad Co., 195 U. S. 540, 570, 25 Sup. Ct. 133, 141, 49 L. Ed. 312 [1 Ann. Cas. 517]). Whatever its name, the interest was taken for use as a right of way, it is limited to

that use, and must revert when the use is abandoned. We are not called upon to decide, nor do we intend to express an opinion, as to the rule applicable where lands are purchased or obtained without regard to the use to be made of them, or where there is nothing in the contract or conveyance indicating that they have been purchased for a right of way. Lands may be acquired by donation or by voluntary grant for aid in the building of railroads and railroad companies may doubtless acquire lands for various uses in connection with railroad business which could not be taken by virtue of eminent domain, and as to these different rules may apply. It is intended to confine the decision to cases where the contract or conveyance shows that it was sold and received for use as a right of way for a railroad. The conclusion is that the plaintiff acquired no interest in these lands by the attempted conveyance of the railroad to him, and, therefore, that the judgment of the district court must be affirmed."

Defendant has not complied with the provision of the Constitution (section 43, art. 9, Const.), giving it a right to do business in this state. Neither has defendant complied with section 7 of an act of the Legislature, 1909 (Sess. Laws 1909, pp. 151-154), by proceeding with the construction of its road within two years from the passage of said act. Said section provides:

"Every railroad corporation accepting the benefits of this act organized under the laws of any other state or territory or of the United States, or the Territory of Oklahoma, or the Indian Territory, that shall not within two years commence, in good faith, its works as contemplated in its charter, shall forfeit all rights hereunder."

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.