## ORTH v. GREGORY.

No. 12818—Opinion Filed Jan. 15, 1924.

Rehearing Denied March 5, 1924.

**1. Railroads—Abandonment of Right of Way—Reverter — Effect of Warranty Deed.**

An instrument which is in form of a general warranty deed, conveying a strip of land to a railway company for a right of way for its railroad, under the facts in this case, did not vest an absolute title in the railroad company. The interest conveyed by the instrument is limited by the use for which the land is acquired, and when that use is abandoned the property reverts to the owner of the fee.

**2. Same—Rights of Purchaser at Foreclosure Sale of Railroad Property.**

A purchaser at a sheriff's sale under foreclosure proceedings had against the grantee takes no greater rights in the property than were received by the railway company through the conveyance.

**3. Same—Abandonment a Question of Fact.**

The question of abandonment on the part of the railroad, and those claiming by or through the railroad, is one of fact.

**4. Same—Affirmance of Judgment.**

Record examined; held, that the question of abandonment in this case was one of fact, and the evidence is sufficient to support the judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by S. W. Gregory against Charles Orth et al. to quiet title to real estate. Judgment for plaintiff. Charles Orth brings error. Affirmed.

Chas. Orth, pro se.

W. C. Stevens and J. H. Cline, for defendant in error.

Opinion by STEPHENSON, C. In the year 1910, S. W. Gregory, by his general warranty deed, conveyed a strip of land across a quarter section to the Wichita Falls & Northwestern Railway Company for use as a railroad right of way. The railroad company partially prepared a roadbed on the strip of land, but did not proceed farther with the work of completion. Charles Orth became the purchaser at a sheriff's sale in foreclosure proceedings of the interest of the railway company in the property in 1910. Neither the railway company nor Chas. Orth has taken any steps to complete the construction of a carrier system since 1910. The plaintiff commenced his action for quieting title to the strip of land against Chas. Orth et al., and for his cause of action alleged that the railway company had abandoned the property for the purposes for which it was acquired and that Chas. Orth had taken no steps to carry out the construction or completion of a railway line. The cause went to trial on the general denial of the defendant, which resulted in a judgment for the plaintiff. The defendant has appealed the cause to this court and assigns error for reversal:

(1) Insufficient evidence to support the judgment of the court.

(2.) That he was a purchaser for value and that he would not be affected by the railway company abandoning its purpose to construct a railway line.

(3) That he acquired the fee in the property.

The questions presented by the appeal are

no longer open for discussion in this jurisdiction, as similar questions were before this court on appeal in the case of Santa Fe, L. & E. R. Co. v. Laune et al., 67 Okla. 75, 168 Pac. 1022, which disposed of the questions adversely to the defendant's contention. The title which the Wichita Falls Railroad Company received by its deed from the plaintiff was limited in use by the grantee to such purposes as are ordinarily and usually required in the conduct and operation of a railway carrier system. When the property so acquired is abandoned by the latter, the property reverts to the owner of the fee. The purchaser at a sheriff's sale in foreclosure proceedings against a railway company could not acquire any greater rights in the property than those held by the railroad company. The defendant, in purchasing the property at the sheriff's sale, took the benefits under the grant by Gregory as well as its burdens, i.e., to continue the construction and maintenance of the carrier system. If the defendant, after the purchase of the property at the sheriff's sale, abandoned its use for the construction and maintenance of a public carrier system, his rights in the property would be similar to those of the railway company in like status. Santa Fe, L. & E. R. Co. v. Laune, supra; Canadian River Railway Co. v. Wichita Falls & N. W. Ry. Co., 64 Okla. 62, 166 Pac. 163.

Under the pleadings and evidence in this cause the question of abandonment became an issue of fact for determination. On the question of abandonment the trial court found the issue in favor of the plaintiff, and there is competent testimony to support the findings of the court. In the trial of an equitable cause this court will not reverse the judgment on appeal, unless it be clearly against the weight of the evidence. Lamb v. Alexander, 83 Okla. 292, 201 Pac. 519; Croker v. Shurley, 86 Okla. 178, 207 Pac. 91; Johnston v. Johnston, 85 Okla. 274, 206 Pac. 205.

Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.