## CHOATE v. TECUMSEH.

No. 16490—Opinion Filed May 25, 1926.

Rehearing Denied March 8, 1927.

1. **Wills—Appeal—Sufficiency of Evidence —Admission of Will to Probate.**

A judgment entered by the court in the trial of a proceeding to set aside the admission of a will to probate will not be reversed on appeal, unless the judgment be clearly against the weight of the evidence.

2. **Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment denying application to set aside the admission of the will to probate.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by Betsy Brandy, revived in the name of John Choate, against Houston Tecumseh, to set aside the admission of a will to probate. Judgment for proponent, and petitioner appeals. Affirmed.

E. D. Means and G. A. Holley, for plaintiff in error.

White & Reid, for defendant in error.

Opinion by STEPHENSON, C. The county court of LeFlore county admitted the will o. Levicey Barnett, a full-blood Choctaw Indian, to probate on March 5, 1920. Houston Tecumseh was named sole beneficiary in the will. Betsy Brandy, a sister of the decedent, filed her application in the county court to set aside the judgment admitting the will to probate, on March 4, 1921. The admission of the will to probate was attacked on the ground that the will was not made, executed, signed, and witnessed as required by law. It was the contention of the petitioner that the restratrix did not understand and speak the English language, and that one of the attesting witnesses did not understand and speak the Choctaw language. The petitioner later filed an amended application, which added an additional ground as a reason for setting aside the admission of the will to probate. It was charged that the will was procured by duress, fraud, and undue influence.

The petitioner later died, and the cause was revived in the name of John Choate, as executor of the estate of Betsy Brandy. The testratrix lived at the home of Houston Tecumseh for several years prior to her death. The county court refused to set aside the admission of the will to probate, and the

contestant appealed the cause to the district court. The trial of the proceeding in the district court resulted in a judgment affirming the admission of the will to probate. The contestant appealed the cause here and assigns several errors for reversal. It is contended, mainly, that the judgment of the court was contrary to the law and the evidence. The court made the following finding of fact:

"That the instrument propounded herein for probate was duly executed by the decedent, and at the time of the execution thereof, the said testratrix was of full age, of sound mind and memory, and was not acting under duress, menace, fraud, or undue influence, and that the said will was executed in all particulars as required by law."

The evidence is not altogether clear and convincing, but the trial court was in a much better position to determine the weight of the evidence and the credibility of the witnesses, than may be done on appeal. It cannot be said that the judgment of the court, in refusing to set aside the order admitting the will to probate, is clearly against the weight of the evidence. This court will not reverse a judgment refusing to set aside an order admitting a will to probate, unless it be clearly against the weight of the evidence.

The sufficiency of the original and amended petition will not be considered, as we have reached the conclusion that the judgment refusing to set aside the admission of the will to probate, is not clearly against the weight of the evidence. It would serve no useful purpose to consider other errors assigned, in view of the conclusions reached in the consideration of the appeal. Orth v. Gregory, 98 Okla. 229, 223 Pac. 385.

The judgment is affirmed.

By the Court: It is so ordered.