### KNOELL et al. v. FRISCO LEASE, Inc., et al.*
### No. 1096.

Circuit Court of Appeals, Tenth Circuit.
June 14, 1935.

*Rehearing denied July 23, 1935.

E. E. Blake, of Oklahoma City, Okl., for appellants.

M. K. Cruce, of Oklahoma City, Okl. (J. W. Jamison, of St. Louis, Mo., and Grey W. Satterfield, Geo. W. Grant, and R. J. Price, all of Oklahoma City, Okl., on the brief), for appellees.

Before LEWIS and PHILLIPS, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

This is a suit to quiet title brought by Valentine G. Knoell, Katherine Knoell and W. H. Ivy against the Frisco Lease, Incorporated, the St. Louis-San Francisco Railway Company (hereinafter called the Railway Company), and others.

The trial court sustained defendants' motions to dismiss the amended and supplemental bill. Plaintiffs elected not to further plead, and a decree of dismissal was entered.

The facts, as set forth in the amended and supplemental petition, are these: The S. E. ¼ of Sec. 3, Twp. 11 N., R. 3 W. of Indian Meridian, Oklahoma County, Oklahoma, was duly acquired by Valentine F. Knoell by homestead entry and patent from the United States. On February 19, 1903, he and his wife, Gasena Knoell, in consideration of $10,000 executed and delivered a statutory form of warranty deed convey-

ing to the St. Louis & San Francisco Railroad Company (hereinafter called the Railroad Company) all that portion of the above described land lying north of and adjoining the right of way of the Railroad Company as then located, containing about 45 acres (hereinafter referred to as the railroad tract).

The deed contained neither exception nor reservation, and no language indicating the land was conveyed for right of way purposes only.

The Railroad Company was a corporation chartered under the laws of Missouri and authorized to engage in the business of operating a railroad, and was engaged in that business in Oklahoma at the time such deed was executed and delivered to it.

Valentine F. Knoell died testate. His will was duly probated and his interest in the homestead passed to Gasena Knoell and his son Valentine G. Knoell. Thereafter Gasena Knoell conveyed all her interest in the homestead to Valentine G. Knoell. On June 1, 1931, he and his wife, Katherine Knoell, conveyed to W. H. Ivy an undivided one-half interest in all their right and interest in the railroad tract.

The Railroad Company used a portion of the railroad tract for railroad uses, trackage, and yards until about 1916, when the Railroad Company became insolvent and was placed in the hands of a receiver. Later all of its franchises, rights, and properties were conveyed to the Railway Company. The Railway Company is a corporation chartered under the laws of Missouri to engage in the operation of a railroad, and is authorized to transact business in Oklahoma.

On June 4, 1930, the Railway Company executed and delivered to Thomas B. Slick an oil and gas mining lease covering the railroad tract. Thereafter Slick died testate, and Seelingson, Urschel and Mrs. Slick were appointed as executors and trustees under his will. On January 30, 1931, they executed and delivered an assignment of such lease to the Frisco Lease, Incorporated.

At the time of the filing of the amended bill of complaint herein, the Railway Company was using a portion only of the railroad tract for railroad purposes. The amended bill sought a decree quieting title in plaintiffs to that portion of the railroad tract not being used by the Railway Com-

pany, and an accounting for the oil and gas removed from the railroad tract.

The applicable constitutional and statutory provisions, relative to the power of railroad corporations to acquire and hold real estate, are set out in Note 1.

The plaintiffs assert that under such constitutional and statutory provisions the Railway Company could not acquire a fee simple title to real estate, but only an easement or right to use land for railway purposes, and that it could not engage in the production of oil and gas or give a lease therefor.

■ It is a well-settled principle that, in an action to quiet title or to remove a cloud therefrom, the plaintiff must succeed on the strength of his own title and not upon the weakness of his adversary's title.[2]

■ Therefore, it would seem unnecessary to determine the effect of the constitutional provisions, since, if the Railroad Company acquired a fee simple title from Valentine F. Knoell, the plaintiffs cannot succeed in this action. However, under the decisions of the supreme court of Okla-

homa, as we shall presently show, the constitutional provisions impose no greater limitations than the statute on the power of a railroad company to acquire real estate.

The deed to the Railroad Company was in the statutory form adopted in Oklahoma. Section 9698, O. S. 1931, provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

The deed of February 19, 1903, contained no words limiting the estate granted; it purported to convey an estate in fee simple. Therefore, it must be construed to have granted an estate in fee simple, unless the Railroad Company was prohibited from acquiring such an estate. Three recent decisions by the supreme court of Oklahoma hold that the constitutional and statutory provisions of Oklahoma do not prohibit a railroad company from acquiring an estate in fee simple in lands by voluntary conveyance. They construe the provisions of section 2, art. 22, Oklahoma

---

[1] Section 2 of art. 22, Oklahoma Constitution, reads as follows:

"No corporation shall be created or licensed in this State for the purpose of buying, acquiring, trading, or dealing in real estate other than real estate located in incorporated cities and towns and as additions thereto; nor shall any corporation doing business in this State buy, acquire, trade, or deal in real estate for any purpose except such as may be located in such towns and cities and as additions to such towns and cities, and further except such as shall be necessary and proper for carrying on the business for which it was chartered or licensed. * * * And Provided, Further, That no public service corporation shall hold any land, ·or the title thereof, in any way whatever in this State, except as the same shall be necessary for the transaction and operation of its business as such public service corporation."

Section 11913, O. S. 1931, in part reads as follows:

"Every corporation formed under this article and every railroad corporation, authorized to construct, operate or maintain a railroad within this State, * * * shall also have power: * * *

"Second. To take and hold such voluntary grants of real estate and other property either within or without this State, as may be made to it; to aid in the construction, maintenance and accommoda-

tion of its railroad; but the real estate received by voluntary grant shall be held and used for the purposes of such grant only.

"Third. To acquire under the provisions of this article, or by purchase, all such real estate and other property either within or without this State, as may be necessary for the construction, maintenance and operation of its railroad, and the station, depot grounds, and other accommodations reasonably necessary to accomplish the objects of its incorporation; to hold and use the same, to lease or otherwise dispose of any part or parcel thereof, or sell the same when not required for railroad uses, and no longer necessary to its use."

This statute appeared as section 1035 of the Oklahoma Territory statutes of 1890 and was extended to, and became a statute of the State of Oklahoma on the advent of statehood by virtue of section 2 of the Schedule of the Oklahoma Constitution.

[2] Dick v. Foraker, 155 U. S. 404, 414, 15 S. Ct. 124, 39 L. Ed. 201; Parent v. Picotte (C. C. A. 8) 254 F. 301; Buchanan v. St. Louis & M. R. Co. (C. C. A. 8) 253 F. 698, 703; Mitchell v. Cunningham (C. C. A. 9) 8 F.(2d) 813; Ripinsky v. Hinchman (C. C. A. 9) 181 F. 786, 793; McMurrough v. Alberty, 90 Okl. 4, 215 P. 193.

Constitution, and section 11913, O. S. 1931, as limitations on the "quantity of land" which a railroad corporation may own, and not "upon the quality of the estate" it may acquire; and expressly overrule that part of the opinion indicating a contrary rule in Santa Fé, L. & E. R. Co. v. Laune, 67 Okl. 75, 168 P. 1022, upon which plaintiffs rely. Marland v. Gillespie, 168 Okl. 376, 33 P.(2d) 207, 230; Cobbs v. Wiedemann, (Okl. Sup.) 40 P.(2d) 1075; Oklahoma City v. Dobbins (Okl. Sup.) 44 P.(2d) 148. See, also, Oklahoma Ry. Co. v. Severns Pav. Co., 67 Okl. 206, 170 P. 216, 10 A. L. R. 157; Gilbert v. M., K. & T. Ry. Co. (C. C. A. 8) 185 F. 102, 104; Sherman v. Sherman, 23 S. D. 486, 122 N. W. 439.

As no question of federal law is involved, this court is bound by the decisions of the supreme court of Oklahoma construing the constitutional and statutory provisions of that state. Oklahoma G. & E. Co. v. Wilson & Co. (C. C. A. 10) 54 F.(2d) 596, 599; Coombes v. Getz, 285 U. S. 434, 441, 52 S. Ct. 435, 76 L. Ed. 866; American Liability & Surety Co. v. Bluefield Supply Co. (C. C. A. 4) 70 F.(2d) 187, 189.

The decree is affirmed.