**CITY OF ARDMORE v. KNIGHT et al.**

No. 35989.

Supreme Court of Oklahoma.

March 30, 1954.

Rehearing Denied May 4, 1954.

Application for Leave to File Second Petition for Rehearing Denied May 18, 1954.

J. B. Moore, Ardmore, for plaintiff in error.

H. A. Ledbetter, Thompson & Culp, Ardmore, for defendants in error.

HALLEY, Chief Justice.

This is an action by the City of Ardmore against Mattie Knight and others to quiet title to the West 90 feet of Lots 1, 2, and 3, Block 38 of the City. The trial court found against the City and in favor of the defendants, E. Dunlap, Jr., and G. W. Clay, on their cross-petitions and quieted title in them to the portions claimed by each in the tract of land involved. The City of Ardmore has appealed. The parties will be referred to as they appeared in the trial court or by name.

The City of Ardmore submits four propositions but all of the contentions center around two issues which may be stated as follows:

(1) Was the warranty deed from U. S. Joines to Ardmore Railway Company and the public for park purposes effective to vest title in the City of Ardmore as trustee for the Public or otherwise after abandonment by the Ardmore Railway Company as provided by the deed from U. S. Joines?

(2) Has the City of Ardmore acquired title by the 15 year statute of limitations?

The pertinent portions of the warranty deed as mentioned are as follows:

"This Indenture, Made this —— day of July, A. D. 1916, between U. S. Joines, of Ardmore, Carter County, in the State of Oklahoma, of the first part, and Ardmore Railway Company, and to the Public of the second part,

"Witnesseth, That said party of the first part in consideration of the sum of One Dollar and other good and valuable considerations the receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell and convey unto the said parties of the second part, successors and assigns, all of the following described real estate, situate in the County of Carter and State of Oklahoma, to wit:

"A strip of land Ninety (90) feet wide off the west end of Lots One (1), Two (2), and Three (3) of Block Thirty-eight (38) of the City of Ardmore, Oklahoma; The West fifty (50) feet of said Ninety (90) feet to belong to Ardmore Railway Company for use as

right of way, station grounds and park purposes. The east forty (40) feet of said Ninety (90) feet to be used by the public for street, sidewalk and park purposes. Provided that should said fifty (50) feet therein deeded to Ardmore Railway Company cease permanently to be used for the purposes named it shall go to the public for park purposes, and provided that should any portion of said Ninety (90) feet not be used for the other purpose named it shall be used for park purposes until so used. It is intended that said forty (40) feet shall contain a driveway parallel with that now open on Wolverton Street."

The remainder of the deed contains all of the essential conditions of the usual warranty deed and no other reversionary clauses appear. This deed was acknowledged by the grantor July 25, 1916 and filed for record January 30, 1917. It is admitted that the Ardmore Railway Company abandoned the land for the purposes set out in the deed about 1919, and its tracks were removed about that time. The company became defunct but its charter was not cancelled and after this action was commenced its directors undertook to convey to the City of Ardmore whatever interest it had in the land.

The defendants contended that the warranty deed above set out was ineffective to give the City of Ardmore title in any event because the City was not named as the grantee in the event the land was abandoned by the railway company, and that the "Public" or "the Public for park purposes" was not a sufficient grantee to make the deed valid or effective to vest in the City the title to the land. They also contended that the City has not held such possession as to give the title by limitations.

Defendants claim that under the foregoing alleged facts the land reverted to U. S. Joines, the original grantor, or to his heirs, upon the abandonment by the Ardmore Railway Company and that the interests claimed by them were acquired by conveyance from the heirs of U. S. Joines.

■ The general rule is well established that one of the essentials of a valid deed is that it must have a grantee who is capable of taking and holding title in his own right or as trustee.

■ We agree with the contention of the defendants that where the owners of land convey it to a railway for right of way purposes, such land reverts to the grantor, if living, or to his heirs, when it is abandoned and no longer used for right of way purposes. Santa Fe, L. & E. R. Co. v. Laune, 67 Okl. 75, 168 P. 1022; Orth v. Gregory, 98 Okl. 229, 223 P. 385. These cases hold clearly that a deed for right of way purposes does not vest an absolute title and upon abandonment for such purposes the title reverts to the owner of the fee.

However, we have before us a somewhat different state of facts. The deed by U. S. Joines to the Ardmore Railway Company was for right of way purposes, but expressly provided that upon the abandonment for such purposes, the land should then go to the "Public" for "park purposes". It cannot be denied that U. S. Joines had the right to provide that upon abandonment for the purposes for which conveyance was made to the railway company, the title should then vest in a grantee capable of taking and holding title.

The decisive issue hinges upon the question of whether the deed of U. S. Joines provided, upon abandonment by the railway company, a grantee capable of taking and holding title to the land sought to be conveyed to the "Public" for "park purposes".

We have found no cases precisely in point. The consideration named in the deed of U. S. Joines is "One Dollar and other good and valuable considerations." We think we are justified in assuming that whatever consideration, if any, was received by U. S. Joines was paid by the railway company. There is no evidence to support any claim that he received any consideration from the City of Ardmore.

In Tasker v. Nieto, 108 Cal.App. 135, 291 P. 688, the District Court of Appeals of California announced the rule relative to the sufficiency of the description of the grantee in a deed in the third syllabus as follows:

"Deed is sufficient if grantee's name appears with sufficient certainty to show to whom conveyance is made, though not in granting part."

It will be noted that the "Public" is clearly named in the U. S. Joines deed and the purpose or use to which the land is to be devoted is plainly stated in the event of abandonment by the railway company, for "park purposes." Is the "Public" a sufficient grantee to render the deed valid as a conveyance?

Webster defines "public" as "The general body of mankind, or of a nation, state, or community; the people, indefinitely; as, the American public."

In Duffield v. Duffield, 268 Ill. 29, 108 N.E. 673, the Supreme Court of Illinois announced the rule as to a sufficient identification of the grantee in the eighth syllabus:

"The grantee named in a deed must be a person, natural or artificial, capable of taking title at the time of the conveyance."

The Supreme Court of California in Rixford v. Zeigler, 150 Cal. 435, 88 P. 1092, 1093, held void a deed where the grantee was named as " * * * the community styling itself the German Roman Catholic St. Bonifazieus Church Community." The land was to be used for church and school purposes and there was a reverter clause to the grantor if not so used. The church was not a corporation and the deed contained no names of the members or officers. The court cites Wiseman v. McNulty, 25 Cal. 230, wherein a deed was held void because the grantee, "Hibernia Company," was not a corporation but merely a voluntary association.

■ The great weight of authorities supports the contention of defendants that the deed of U. S. Joines is insufficient as a conveyance because it fails to name a grantee capable of taking and holding title. It cannot be argued with reason that the "Public" is a sufficient grantee in a deed of conveyance because if the

328

deed is valid to vest title then the grantee therein should be capable of conveying that title. The "Public" could not do that under any theory.

We think the deed should be construed as a common law dedication to the public for park purposes. In 18 C.J., Section 38, Dedication, it is said:

"Although a deed to the public, or to trustees for the public, cannot take effect as a grant because of the absence of a legal trustee, it may, if it is the declaration of a use, take effect as a common law dedication. * * *"

Under the heading of Dedication, 26 C.J.S., § 14, it is said:

"A dedication is express where there is an express manifestation on the part of the owner of his purpose to devote the land to a particular public use, as, for instance, where the intent to dedicate is manifested by a deed, or by explicit, oral, or written declaration of the owner, manifesting the purpose to devote land to a public use."

While the above statements are supported by numerous citations of decisions from other states, no cases are cited from Oklahoma upon this question. The intent of U. S. Joines to dedicate his land to the use of the public for park purposes is clearly shown by the language of the deed and the further fact that he lived for some time after the land had been abandoned by the Ardmore Railway Company and there is no evidence that he ever showed or expressed any desire or intention to exercise the slightest dominion over the land.

When the land was abandoned by the Ardmore Railway Company and its tracks removed the abandonment was obvious and must have been known to U. S. Joines. He was a prominent citizen of that community. There being no express and complete statutes in Oklahoma on dedication, the common law rules applicable to this subject are in effect.

■ Acceptance of a dedication is necessary. Until the property dedicated is accepted a common law dedication is mere-

ly an offer. Upon the subject of dedication in 26 C.J.S., § 34, it is said:

"A dedication at common law, like a contract, consists of an offer and acceptance; and subject to some exceptions considered, below, the general rule is well settled that a dedication is not binding and conclusive on either party until acceptance, and, of course, this rule applies to the grantee of the party offering to make the dedication. * * *"

■ The record before us shows that the tax rolls of Carter County showed that the land was held by the City of Ardmore. The land was within the corporate limits of the City of Ardmore and we think it fair to assume that the City authorities must have caused the tax rolls to so appear since no other party would have an interest in such a change of the records.

The evidence shows that the City of Ardmore had the weeds cut each summer by a city employee. No improvements were placed on the land for lack of available funds. We conclude that the actions of the City of Ardmore were sufficient to show an acceptance of the offer of U. S. Joines to dedicate the land for park purposes. It would be absurd to assume that he intended it to be used by any other community than the City of Ardmore.

■ It is contended that under Section 4, Article 10, revised charter of the City of Ardmore, which provides that the mayor and commissioners are authorized "to accept on behalf of the City, any donation, bequest, or gift made by any person, firm or corporation for cemetery or park purposes, by resolution or otherwise. * *" and no resolution of acceptance was produced and no acceptance shown. We think the clause "by resolution or otherwise" is broad enough to cover acceptance by having the land shown as belonging to the City on the tax rolls of the County and by entering into possession by keeping the land mowed each summer constitutes sufficient acceptance, especially where it is not shown definitely that any resolution of acceptance was ever adopted by the governing body of the City.

Since we have concluded that the deed of U. S. Joines was sufficient to constitute a common law dedication to public use for park purposes and that there was sufficient acceptance by the City of Ardmore, it follows that the heirs of U. S. Joines acquired no title by reversion when the land was abandoned by the Ardmore Railway Company, the defendants acquired no title through the heirs of U. S. Joines.

Holding as we do, it is not necessary to pass upon the question of limitations.

The judgment is reversed with directions to render judgment for the plaintiff vesting title to the land in the City of Ardmore, subject to reversion to the original owner if and when it ceases to be used for the purposes for which dedicated, to-wit, park purposes.

JOHNSON, V. C. J., and CORN, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.